[No. 9475.   Department One.   June 27, 1911.]

American Mill Company, *Respondent*, v. The City of Montesano, *Appellant*.[1]

Municipal Corporations—Improvements—Materials Furnished—Actions—Evidence—Sufficiency. The evidence sufficiently shows that lumber was used in the construction of a plank road for a city, where it appears that it was ordered for that express purpose, that it was carried to the city by the contractor, and that the lumber actually used was of the same character; especially in the absence of any evidence that it was not the same lumber.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered April 23, 1910, in favor of the

[1] Reported in 116 Pac. 257.

plaintiff, after a trial on the merits before the court without a jury, in an action to recover for materials furnished to a city contractor.    Affirmed.

*O. M. Nelson,* for appellant.
*Bridges & Bruener,* for respondent.

FULLERTON, J.—Some time prior to the month of October, 1909, the city of Montesano entered into a contract with the Montesano Planing Mill Company, by the terms of which the latter company agreed to replank and otherwise repair for the city a certain elevated roadway, the same being a public highway of the city, and the work to be done thereon being public work. In letting the contract the city failed to exact from the contractor a bond conditioned for the faithful performance of the work and for the payment of materialmen and others who should furnish materials and supplies to the con- tractor for carrying on the work, as required by the act of the legislature of March 18, 1909. Laws 1909, p. 716; Rem. & Bal. Code, § 1159 *et seq.* The contractor entered upon the performance of the work, and in the course thereof purchased of the respondent, during the months of October and November, 1909, lumber to be used in the construction of the plank way of the value and at the agreed price of $863.40. The lumber was delivered to the contractor and by him carried to the place of work. The contractor, however, failed to pay for the lumber so furnished, and, being bankrupt, this action was begun against the city of Montesano to recover the value thereof. On the trial the city conceded its liability for any material remaining unpaid for that was actually used in the construction of the roadway and for the furnishing of which it had received due notice, but defended on the ground that the material sued for had not been used by the contractor in the construction of the way, or that, if it had been so used, it received no notice to that effect. Judgment went against the city for the full amount claimed, and this appeal followed.

The city, in this court, relies for reversal on the sole ground that the evidence fails to show that the material sued for was actually used in the construction of the roadway, or was delivered on the ground for use therein. But we think the evidence ample in these respects. It was shown that in ordering the lumber the representative of the contractor expressly stated that it was to be used in the construction of the plank road, and that it was this fact that induced the respondent to deliver the lumber without an advance payment; that the lumber was planking suitable for the purposes intended; was actually carried to Montesano by the contractor; and that the lumber used in the construction of the bridge was of the same character as that furnished by the respondent. While it is true that the representative of the respondent who made the sale was not able to say that he knew as a matter of fact that the lumber furnished by his concern was actually used by the contractor in the construction, we think the facts given in evidence warranted that conclusion, especially in the absence of evidence to the contrary.

The judgment is affirmed.

DUNBAR, C. J., GOSE, PARKER, and MOUNT, JJ., concur.